# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Jeffrey/Jody Patterson ) | |
| ) | Case No. 08-3025 |
| Debtor(s) ) | |
| ) | (Related Case: 07-31735) |
| Bruce C. French, Trustee ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Marion General Hospital ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Defendant, Marion General Hospital, to Dismiss. (Doc. No. 16.). In accordance with Local Bankruptcy Rule 9013-1, the Plaintiff filed a response against which the Defendant then filed a Reply. (Doc. No. 20 & 21). The Court has now had the opportunity to review the arguments made by the Parties in support of their respective positions. Based upon this review, and for the reasons now set forth, the Court finds the Defendant's Motion to have merit. Accordingly, the instant adversary proceeding brought by the Plaintiff will be Dismissed.

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

## FACTS

On April 30, 2007, the Debtors, Jeffrey and Jody Patterson, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. (Main Case, Doc. No. 1). Bruce French, the Plaintiff in this action, was appointed acting trustee of the Debtors' bankruptcy estate.

On July 20, 2007, notice was sent by the Clerk that creditors in the Debtors' case should file a proof of claim. (Main Case, Doc. No. 25). Pursuant to this notice, the Defendant filed a proof of claim with the Court on August 13, 2007. The Defendant set forth therein an unsecured, nonpriority claim in the amount of $1,309.90 based upon medical services performed for both of the Debtors. In support of its proof of claim, the Defendant attached an itemized billing statement, setting forth a brief description and the associated costs of the medical services performed for the Debtors. On February 9, 2008, the Trustee filed the instant adversary proceeding in direct response to the Defendant having attached this billing statement to its proof of claim.

## DISCUSSION

Documents filed with the bankruptcy court are "public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). The itemized billing statement attached to the Defendant's proof of claim is thus in the public domain. Having placed their medical billing records in the public domain, the Trustee asserts injury on behalf of the Debtors, bringing three causes of action: (1) Breach of Confidence; (2) Invasion of Privacy; and (3) a violation of 42 U.S.C. 1320d, otherwise known as HIPAA (Health Insurance Portability and Accountability Act). For these causes of action, the Trustee seeks to recover compensatory damages of $25,000.00 for the benefit of the Debtors' bankruptcy estate. (Doc. No. 1). Against this, the Defendant filed its Motion to Dismiss pursuant to Bankruptcy Rule 7012(b)(6). (Doc. No. 16).

Page 2

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

Bankruptcy Rule 7012(b)(6), which invokes FED.R.CIV.P.12(b)(6), provides that a court may dismiss a case for "failure to state a claim upon which relief can be granted." Such relief, going against the tenet that matters should be decided on their merits, is only to be entered when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 2917, 125 L.Ed.2d 612 (1993). With respect to this standard, all factual allegations must be accepted as true, and where an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884, 886 fn.2 (6th Cir. 2000).

In bringing its Motion to Dismiss, the Defendant put forth two separate approaches: First, the Defendant takes the position that the Trustee lacks standing to pursue his claims. Underlying this position is that the Debtors, not the Trustee, are the proper parties in interest. Second, the Defendant asserts that, even assuming that the Trustee has standing, the claims set forth in his complaint are "not legally cognizable." (Doc. No. 21). As it regards these two points, the issue of standing is a jurisdictional requirement, thereby implicating the Court's authority to adjudicate the merits of the Plaintiff's complaint. Thus, it will be addressed first. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (contrasting standing, an issue implicating a federal court's subject-matter jurisdiction, with the failure to state a cognizable claim, which is not a jurisdictional defect).

Generally, the legal principle of standing falls into two different categories: constitutional and prudential. Both categories are jurisdictional. *Nat'l Solid Wastes Mgm't Ass'n v. Daviess County*, 434 F.3d 898, 901 (6th Cir. 2006). Prudential standing is a judicially-imposed limitation on the exercise of federal jurisdiction; while constitutional standing embodies the constitutional "case or controversies" requirement. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12, 124 S.Ct. 2301, 2308, 159 L.Ed.2d 98 (2004). By arguing that the Debtors, not the Trustee, are the proper parties to bring this action, the Defendant has raised the issue of prudential standing which, among

Page 3

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

other things, embodies "the general prohibition on a litigant's raising another person's legal rights . . . [.]" *Id.*, 542 U.S. at 12, 124 S.Ct. at 2309.

The intersection of prudential standing and the powers of a bankruptcy trustee was specifically addressed by the Sixth Circuit Court of Appeals in *Stevenson v. J.C. Bradford & Company (In re Cannon)*, 277 F.3d 838 (6th Cir. 2002). As it relates to this matter, the Court in *In re Cannon* explained this intersection as follows:

> As a creature of statute, the trustee in bankruptcy has only those powers conferred upon him by the Bankruptcy Code. The trustee stands in the shoes of the debtor and has standing to bring any action that the bankrupt could have brought had he not filed a petition for bankruptcy. Therefore, the prudential principles of standing under Article III and the trustee's powers under the bankruptcy code are coextensive:
>
> The case or controversy requirement coincides with the scope of the powers the Bankruptcy Code gives a trustee, that is, if a trustee has no power to assert a claim because it is not one belonging to the bankrupt estate, then he also fails to meet the prudential limitation that the legal rights asserted must be his own.

*Id.* at 853 (internal citations and quotations omitted). Based, therefore, upon the Court's holding in *In re Cannon*, it may be fairly stated that resolution of the standing issue before the Court hinges on whether the claims brought by the Trustee are property of the Debtors' bankruptcy estate.

When a bankruptcy case is commenced, an estate is created by operation of law. 11 U.S.C. § 541(a). The estate is defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition is broad and will operate so as to bring "anything of value that the debtors have into the estate." *In re Weldon Stump & Co., Inc.*, 383 B.R. 435, 439 (Bankr. N.D.Ohio 2008).

Page 4

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

It is well-established that the scope of estate property is sufficiently broad so as to encompass claims and causes of action, regardless of whether such interests are contingent or matured. *Waldschmidt v. Commerce Union Bank (In re Bauer)*, 859 F.2d 438, 440-41 (6th Cir. 1988). The three claims asserted by the Trustee are thus an interest in property capable of being included in the Debtors' bankruptcy estate. Yet, the scope of estate property is not boundless, containing within its definition both a temporal and qualitative limitation. *Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996).

First, in the qualitative sense, the estate is only comprised of a debtor's interest in property, not the actual property. A property interest, therefore, which was limited in the hands of a debtor at the commencement of the case is likewise equally limited in the hands of the trustee. *Demczyk v. The Mutual Life Ins. Co. of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997). Second, as a temporal matter, the definition of estate property is defined by reference to interests held "as of commencement of the case," which occurs with the filing of the bankruptcy petition. *See* 11 U.S.C. § 301. Overall then, only those interests held by a debtor when the bankruptcy petition is filed are subject to administration by the trustee as estate property.

With respect to these boundaries, it is clear that a cause of action belonging to a debtor that has fully accrued at the time a petition is filed – that is, when the last element constituting the cause of action occurs – becomes property of a debtor's estate, pursuable by the trustee. *In re Bell & Beckwith*, 64 B.R. 144, 146 (Bankr. N.D.Ohio 1986). Similarly, it is recognized that a cause of action that arises as a result of the filing of the petition is estate property – for example, a malpractice claim of the debtor involving the filing of the bankruptcy case. *Winick & Rich, P.C. v. Strada Design Assocs., Inc. (In re Strada Design Assocs., Inc.)*, 326 B.R. 229, 235 (Bankr. S.D.N.Y. 2005). Conversely, where all the events giving rise to a cause of action occur following the filing of the petition, the cause of action is not property of the estate. *Witko v. Menotte (In re Witko)*, 374 F.3d 1040, 1042 (11th Cir. 2004).

Page 5

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

When these parameters, particularly the last, are afforded a straightforward application, the Trustee's standing to bring this complaint quickly fades. As taken from his complaint, all the necessary elements to sustain the Trustee's three claims are based upon a single postpetition event: the Defendant's public disclosure, in its proof of claim filed with the Court, of certain medical information of the Debtors.

Notwithstanding, the Trustee makes what can be construed as two different arguments as to why the estate has an interest in his three claims, thereby affording him standing to bring this complaint. First, the Trustee argues that in certain instances, this being one, causes of action arising postpetition, but before discharge, are property of the estate. Second, the Trustee puts forth that § 541(a)(7) affords an independent basis for finding that his three claims are estate property. (Doc. No. 20).

As the Trustee's first point reflects, when the operative events for a cause of action straddle the petition date, the claim may be found to be estate property notwithstanding that it formally arises postpetition. To give but one example of such a situation: in *In re Richards*, 249 B.R. 859 (Bankr. E.D.Mich. 2000), the issue before the court, subsequently decided in the estate's favor, was whether an asbestos-related injury occurring prepetition, but only diagnosed postpetition, was property of the estate. Under this type of condition, two overall approaches have been applied when determining the claim's inclusion in the estate.

First, some courts have utilized the accrual date of the lawsuit as the salient event. *Harms v. Cigna Ins. Cos.*, 421 F.Supp.2d 1225, 1228 (D.S.D. 2006). *In re Holstein*, 321 B.R. 229, 238 (Bankr. N.D.Ill. 2005). Under this approach, a cause of action will only inure to the benefit of the trustee if, at the commencement of the case, the debtor could have brought the claim under applicable state law. The reasoning for utilizing the accrual date as the salient event stems largely from the principle

Page 6

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

that state law generally defines the existence and extent of a debtor's interest in property. *Id.* at 238.[1] While this approach has the advantage of affording certainty, by offering a definitive point in time by which to assess a claim's inclusion within the estate, it is necessarily restrictive from the perspective of the bankruptcy estate, this case being no exception. As imparted earlier, the Trustee's three claims are based upon the Defendant's postpetition disclosure of the Debtors' medical information, thus making it impossible for such claims to have accrued prepetition.

Other courts, however, have held that, while relevant, the accrual date of a lawsuit is not dispositive of whether the lawsuit becomes property of the estate. *In re Richards*, 249 B.R. at 861 ("the test is not the date that the claim accrues under state law"); *In re Strada Design Assocs., Inc.*, 326 B.R. at 236 (cause of action may be a part of bankruptcy estate "regardless of when the claim accrues under state law"). These courts have, instead, generally applied the standard enumerated by the United States Supreme Court in *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

In *Segal*, the issue before the Court was whether tax refunds, generated by carry-back losses suffered by a debtor in tax periods prior to the filing of a bankruptcy case, but not capable of being claimed until after the debtor had sought bankruptcy relief, were property of the estate. The Court concluded that such claims were encompassed with the scope of the bankruptcy estate because they were "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property' . . . ." *Id.* at 380.

---

[1] Unless some federal interest requires a different result, the nature and extent of the debtor's interest in property is determined by applicable non-bankruptcy law, usually state law. *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Page 7

08-03025-rls  Doc 23  FILED 06/03/08  ENTERED 06/03/08 16:47:48  Page 7 of 13

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

Under *Segal*, therefore, whether a cause of action has accrued, while potentially affecting the time at which a trustee could bring a suit, does not control whether a cause of action falls with the broad reach of estate property under § 541(a). Rather, so long as the events giving rise to the claim are sufficiently rooted in the pre-bankruptcy past, the cause of action becomes included in the debtor's bankruptcy estate. *Witko v. Menotte (In re Witko)*, 374 F.3d 1040 (11th Cir. 2004). Although the holding in *Segal* was based upon the Court's interpretation of § 70(a)(5) of the Bankruptcy Act, the predecessor to § 541(a), its holding, regarding roots in the bankruptcy past, would appear to have continued viability.[2] *In re Doemling*, 127 B.R. 954, 956-57 (W.D.Pa.1991).

Notwithstanding, even under this broader approach to estate property, this fact still remains: The three claims brought by the Trustee stem entirely from a single, postpetition event. Specifically, all the elements necessary to sustain the Trustee's three claims arose postpetition, when the Defendant attached to its proof of claim billing records related to the Debtors' medical treatment, thereby causing such records to be placed in the public domain. Given, therefore, this pronounced postpetition orientation of the Trustee's claims, it becomes but a short step to conclude that such claims have their roots fixed not the Debtors' pre-bankruptcy past, but rather in the time period subsequent to the Debtors' bankruptcy filing.

---

[2] A couple of points in this regard: First, the legislative history of § 541, from both houses of Congress, noted that "[t]he result of Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) is followed and the right to a refund is property of the estate." More importantly, however, asking whether a claim is sufficiently rooted in the pre-bankruptcy past when determining its inclusion in the estate would appear, as compared to the accrual date, to more closely comport with broad definition of § 541(a). For example, a contingent cause of action under state law would not have accrued. Yet, the contingency of a property interest does not prohibit that interest from being included in the estate. Under § 541(a), any interest of a debtor becomes property of the estate. It does not matter in this regard whether the interest is future, possessory, contingent, speculative or derivative; they all are interests that are swept up by the broad reach of § 541(a). *In re Burgess*, 438 F.3d 493, 509 (5th Cir. 2006).

Page 8

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

This is not to say that the alleged injury caused to the Debtors is devoid of any and all connections with the Debtors' pre-bankruptcy past. To begin with, the alleged injury caused to the Debtors arises within the confines of their bankruptcy case, thus affording a causal relationship between the Trustee's three causes of action and the Debtors' bankruptcy case. Put simply, "but for" the Debtors' bankruptcy, no potential cause of action would exist as the Defendant would not have had occasion to file its proof of claim. Also, the Defendant's proof of claim is based entirely upon prepetition medical treatment provided to the Debtors. As a result, it may be said that the genesis of the claims brought by the Trustee stem from prepetition events. However, as set forth below, neither of these particular facets are sufficient to uproot the postpetition orientation of the Trustee's claims.

First, simply because a debtor incurs an injury within the confines of their bankruptcy case does not necessarily afford the estate an interest in any claim arising from the injury. To the contrary, bankruptcy law recognizes that postpetition injuries done to a debtor during the administration of a bankruptcy case may be private, and thus pursuable by the debtor, alone, in their personal capacity. For example, an action to recover damages for a violation of the automatic stay, as well an action to enforce and recover damages for a violation of the discharge injunction, may be brought by a debtor in their personal capacity. 11 U.S.C. § 362(k) (individual injured by willful violation of automatic stay entitled to recover damages); *see Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (traditional remedy for violation of discharge injunction lies in debtor bringing an action for contempt); *In re Miller*, 247 B.R. 224, 228 (Bankr. E.D.Mich. 2000) ("debtor who is injured by a willful violation of the discharge injunction is entitled to damages, including reasonable attorney fees."), *aff'd, Miller v. Chateau Communities, Inc. (In re Miller)*, 282 F.3d 874 (6th Cir. 2002). In this matter, the Court can see no reason why the same result would not follow with the Debtors, whom are also alleged to have suffered a very personal and private postpetition injury.

In addition, merely because a connection can be drawn between a cause of action and a prepetition event does not mean that the claim has substantial roots in the pre-bankruptcy past. To

Page 9

hold otherwise, and allow, as the Trustee seeks to do, any connection with the pre-bankruptcy past to warrant a claim's inclusion in the estate simply opens the door too wide. As with any human affair, all events involving a debtor may be traced to an earlier event. In sum, we all are products of our past.

Consequently, in any matter involving a determination of whether a claim is estate property, one could theoretically trace back the origins of the claim to a prepetition event. Section 541(a), however, while broad, is not so boundless. As set forth in *Segal*, the question when determining if a claim is estate property is not whether it has *any* roots in the bankruptcy past, but whether the claim is *sufficiently* rooted in the bankruptcy past. *Id.* at 380 (emphasis added). For all those reasons explained, the Court is not convinced that such roots exist.

Besides the position, rejected above, that the three causes of action asserted against the Defendant are encompassed within § 541(a)(1)'s general definition of estate property, the Trustee also put forth that § 541(a)(7) affords the Debtors' estate an interest in the claims. The section provides:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
>> (7) Any interest in property that the estate acquires after the commencement of the case.

This section serves to bring into the estate property interests which did not exist at the time of filing, but which the estate acquires during its operation. It is a catchall provision, and embodies the principle that the estate, having a separate legal identity from the debtor, is an active entity comprised of not only property interests the debtor held at the commencement of the case, but of property the

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

estate generates while operating under the aegis of the Bankruptcy Code. *Wade v. Bailey*, 287 B.R. 874, 880-881 (S.D.Miss. 2001).

However, contrary to the Trustee's position, § 541(a)(7) does not serve as an independent basis for the creation of estate property. By its express terms, § 541(a)(7) only operates when property is encompassed within the estate in the first instance, after which time any property generated by that estate property becomes, itself, included in the estate by virtue of § 541(a)(7). Put slightly differently, "a property interest acquired postpetition during the pendency of a . . . case qualifies as property of the estate, for purposes of § 541(a)(7), only if said property interest is traceable to (or arises out of) some prepetition property interest which already is included in the bankruptcy estate." *In re Doemling*, 116 B.R. 48, 50 (Bankr. W.D.Pa. 1991). As provided in the legislative history, an example of such a situation would be "if the estate enters into a contract, after the commencement of the case, such a contract would be property of the estate pursuant to § 541(a)(7)." 124 Cong.Rec. H 11096, H 11114 (Sept. 28, 1978).

In this case, therefore, since the Court has already found that, as provided in § 541(a)(1), the Debtors' estate does not have an interest in the three claims brought by the Trustee, § 541(a)(7) cannot serve as an alternative basis to bring these claims into the estate. Consequently, in this matter as neither § 541(a)(1) nor § 541(a)(7) reach to bring the three causes of action initiated by the Trustee into the fold of the Debtors' bankruptcy estate, the Trustee has no standing to pursue these claims in this Court.

Under Federal Rule 12(b)(6), a party who lacks standing to pursue an action is subject to having their complaint dismissed. *Arakaki v. Lingle*, 477 F.3d 1048, 1056 (9th Cir. 2007). Therefore, having found that the Trustee lacks standing to bring this adversary proceeding, the Court holds that the Trustee's complaint should be Dismissed. In reaching the conclusions found herein, the Court

Page 11

Bruce French, Trustee v. Marion General Hospital
Case No. 08-3025

has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Defendant, Marion General Hospital, to Dismiss pursuant to Bankruptcy Rule 7012(b)(6), be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that this adversary proceeding is hereby DISMISSED.

Dated: June 3, 2008

                                                                Richard L. Speer
                                                                United States
                                                                Bankruptcy Judge

Page 12

# CERTIFICATE OF SERVICE

Copies were mailed this 3rd day of June 2008 to:

Bruce C French (Trustee)
PO Box 839
Lima, OH 45802-0839

Marion General Hospital
1000 McKinley Park Drive
Marion, OH 43302-6397

Thomas A Dillon
155 E Broad St
Columbus, OH 43215

Patricia B Fugee
One SeaGate Suite 1700
Toledo, OH 43604

Roger J. Stevenson
Roetzel & Andress
222 South Main Street
Suite 400
Akron, OH 44308

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court